**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAULETTO ROGERS,

    Plaintiff,                           CIVIL ACTION NO. 15-CV-13943

vs.                                          DISTRICT JUDGE MARK A. GOLDSMITH

                                          MAGISTRATE JUDGE MONA K. MAJZOUB

JOY FLOOD,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Pauletto Rogers filed his initial Complaint on November 9, 2015, against Defendant Joy Flood alleging violations of the Fair Housing Act. (Docket no. 1.) Plaintiff amended his Complaint on November 24, 2015, instead alleging violations of the Elliot Larsen Civil Rights Act related to Housing. (Docket no. 7.) Defendant filed an Answer on February 19, 2016. (Docket no. 15.) This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 5.) Plaintiff has failed to appear before the undersigned despite several orders to do so, resulting in Defendant's oral Motion to Dismiss. Having reviewed the record in this matter, the undersigned enters this Report and Recommendation pursuant to 28 U.S.C. § 636(e)(6)(B).

**I.  Recommendation**

For the reasons stated herein, the Court should grant Defendant's oral Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. Rule 41(b) and for failure to comply with the Court's February 22, 2016 and March 22, 2016 Orders.

**II.  Report**

1

### A. Certified Facts

The undersigned certifies the following facts in accordance with 28 U.S.C. § 636(e)(6)(B):

1. Plaintiff filed his initial Complaint on November 1, 2015, and amended his Complaint through a Response to a Show Cause Order on November 24, 2015. (Docket nos. 1 and 7.)

2. After Defendant filed an Answer, the Court ordered the parties to appear at a scheduling conference on March 7, 2016, at 2:00 p.m. (Docket no. 16.) Plaintiff failed to appear.

3. On March 8, 2016, the Court ordered Plaintiff to appear at a Show Cause Hearing to be held on March 28, 2016 at 9:30 a.m., to "Show Cause as to why he should not be held in contempt of this Court for failing to appear for [the] Scheduling Conference on March 7, 2016 at 2:00 pm." (Docket no. 18.) The Court noted that "[f]ailure to appear . . . may result in sanctions against plaintiff including dismissal." (*Id.*)

4. On March 21, 2016, Plaintiff responded in writing, asking for "additional time to prepare scheduling conference (sic) . . . because of other pending legal matters, family and medical reasons(s)." (Docket no. 19.)

5. Having received Plaintiff's Response, the Court rescheduled Plaintiff Show Cause Hearing for April 5, 2016, at 10:30 a.m, after personally confirming by telephone with Plaintiff that he was available and would appear. The Court, again, reiterated to Plaintiff that he may be sanctioned should he again fail to appear, including possible dismissal of his claims. Plaintiff said he understood. (Docket no. 20.) Plaintiff failed to appear at his Show Cause Hearing. Defendant, therefore, requested dismissal of Plaintiff's claims.

### B. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits. (*Id.*) The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was

warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

Plaintiff did not appear for the March 7, 2016 scheduling conference, and although he did respond to the Court's initial Order to Show Cause, he failed to appear for his Show Cause Hearing. There is no indication that any of the notices, orders, or motions sent to Plaintiff's address of record have been returned as undeliverable; to the contrary, Plaintiff has responded to some orders and ignored others. The Court provided opportunities for Plaintiff to participate in this litigation, but he has failed to do so, most recently after giving the Court his personal verbal assurances that he would appear on April 5, 2016 for his Show Cause Hearing. Defendants have continued to defend against this action and have been prejudiced by Plaintiff's failure to appear before this Court. Further, this Court warned Plaintiff that his failure to comply with the Court's Order to Show Cause could result in Plaintiff being sanctioned, which sanctions could include dismissal of his case. Despite the Court's warning, Plaintiff failed to appear at the Show Cause Hearing and has had no further contact with the Court. Given Plaintiff's failure to comply with this Court's Order and his failure to participate in the prosecution of this action on more than one occasion, the undersigned recommends dismissal of Plaintiff's claims.

### D. Conclusion

For the reasons stated above, Defendants' oral Motion to Dismiss should be granted. Plaintiff's Complaint should be dismissed with prejudice for failure to prosecute and for failure to comply with the Court's orders under Rule 41(b).

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 5, 2016        s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Pauletto Rogers at his address of record on this date.

Dated:   April 5, 2016                     s/ Lisa C. Bartlett
                                                            Case Manager